UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TIMOTHY KYLE DIXON,

                Plaintiff,                    FILE NO. 1:07-CV-272

v.                                   HON. ROBERT HOLMES BELL

MARGIE McNUTT, et al.,

                Defendants.

_____/

## OPINION ADOPTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. The matter was referred to the Magistrate Judge for screening in accordance with 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that this Court dismiss the action for failure to state a claim (docket #2). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #3). For the reasons that follow, Plaintiff's objections are rejected in part and granted in part, and the R&R is adopted, as modified, as the opinion of this Court.

### I.

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In considering whether to dismiss an action for failure to state a claim, the Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.

Plaintiff makes no objection to the Magistrate Judge's factual recitation. The Court therefore will adopt the facts as set forth in the R&R. Broadly, Plaintiff alleges that he was denied his constitutional rights to procedural and substantive due process and equal protection by Defendants' repeated denials of parole to Plaintiff. Plaintiff asserts that he was entitled to parole because, under the rules for calculating parole likelihood, he was determined to have a "high probability of parole." He argues that Defendants failed to

consider numerous factors favorable to his parole and failed to provide the necessary substantial and compelling reasons for denying parole in those circumstances.

The Magistrate Judge determined that Plaintiff had no liberty interest in parole and that, as a result, he could not state a procedural due process claim.  The Magistrate Judge also determined that the allegations of the complaint failed to set forth a substantive due process claim.  Finally, the Magistrate Judge reasoned that Plaintiff had failed to allege that he had been discriminated against in a manner that offended his right to equal protection.

In his lengthy objections, Plaintiff makes two basic claims of error.  First, he disputes the Magistrate Judge's determination that he has no state-created liberty interest in parole.  Second, he argues that, in dismissing his equal protection claim, the Magistrate Judge erred by failing to consider that the parole board's decision lacked a rational basis for treating him differently from similarly situated prisoners.

A.     Liberty Interest

Plaintiff argues that the Magistrate Judge incorrectly relied upon the Sixth Circuit's *en banc* decision in *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994), for the proposition that the Michigan parole system does not create a liberty interest in parole.  He contends that the reasoning of *Sweeton* is inapplicable because the fact that an inmate has no constitutional right to parole does not prevent an inmate from challenging the procedures employed by the parole board.

In support of this proposition, Plaintiff first cites *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974), a case decided well before the Sixth Circuit's decision in *Sweeton*, 27 F.3d 1162. *Wolff* is inapplicable to the instant case.  Moreover, even were this Court persuaded by Plaintiff's analysis of *Wolff*, *Sweeton* constitutes the law of the circuit controlling upon this Court.  The Court therefore rejects Plaintiff's argument under *Wolff*.  For the same reasons, Plaintiff's attempts to reanalyze other cases decided before *Sweeton* are unpersuasive.

Plaintiff next argues that *Wilkinson v. Dotson*, 544 U.S. 74 (2005), holds that a prisoner has a due process right to challenge parole procedures even if he has no liberty interest in his parole.  *Wilkinson*, however, held only that a § 1983 challenge to parole procedures that seeks only equitable and declaratory relief short of immediate release is not barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).   The Court did not decide whether Ohio parole procedures create a due process liberty interest in parole. Certainly nothing about the *Wilkinson* decision undermines the clear authority of *Sweeton*, 27 F.3d at 1164-65, which squarely and decisively held that Michigan parole procedures do not create a liberty interest.  *See, e.g. Swimp v. Rubitschun*, No. 1:06-cv-592, 2006 WL 3370876, at *3 (W.D. Mich. Nov. 20, 2006) (noting that *Wilkinson* did not undermine the well-settled principle that a Michigan prisoner has no liberty interest in parole); *Hann v. Michigan*, No. 05-CV-71347, 2007 WL 201042, at *6 (E.D. Mich. Jan. 24, 2007) (holding that *Wilkinson* addressed only the question of whether equitable challenges to parole

4

procedures were *Heck*-barred; it did not hold that prisoners have a due process interest in challenging parole procedures).

Finally, Plaintiff urges this Court to follow a decision from the Eastern District of Michigan, *Williams v. Berrios*, No. 06-CV-13303 (E.D. Mich. Feb. 9, 2007), in which the court denied a motion to dismiss, after which the parties entered into a settlement resulting in the plaintiff's ultimate release on parole.  The Court concludes that the *Williams* decision is unpersuasive as it incorrectly interprets *Wilkinson* and fails entirely to discuss *Sweeton*. Because the unpublished *Williams* decision is neither persuasive nor controlling, the Court rejects Plaintiff's argument.

The Court has reviewed the due process analysis of the R&R and finds no error in its discussion.  The Court therefore will adopt that portion of the R&R.

B.    Equal Protection

The Magistrate Judge recommended dismissal of Plaintiff's equal protection claim on the ground that Plaintiff failed to allege that a state actor intentionally discriminated against him because of his membership in a protected class.  Plaintiff argues that he does not contend that he is a member of a protected group, but instead brings a challenge on the ground that Defendants, by their action, treated Plaintiff differently from others similarly situated and that there is no rational basis for such treatment.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's objection is partially meritorious.  Prisoners are not a protected class, *see Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005), and Plaintiff has failed to allege membership in any other protected class.  Nor does Plaintiff allege the denial of a fundamental right.  As a result, his equal protection claim is not entitled to strict scrutiny. *See Scarbrough v. Morgan County Bd. of Ed.*, 470 F.3d 250, 260-61 (6th Cir. 2006) (holding that claim is "not subject to strict scrutiny because its conduct neither infringes on a class of people's fundamental rights nor targets a member of a suspect class") (citing *Zablocki v. Redhail*, 434 U.S. 374, 383, 388 (1978)).

Nevertheless, as the Supreme Court decided in *Olech*, 528 U.S. at 564, equal protection cases may be brought by a "'class of one' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  The "rational basis" test means that courts will not overturn government action "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the [government's] actions were irrational." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 84 (2000) (internal quotation marks and citation omitted), *quoted in Warren v. City of Athens*, 411 F.3d 697, 710 -711 (6th Cir. 2005).

Here, as the Magistrate Judge held in the alternative, Plaintiff has failed to allege the necessary facts to support such a claim.  It has long been established that an equal protection claim that is not supported by factual allegations may be dismissed as being merely

6

conclusory.  *See Lillard v. Shelby County Bd. of Ed.*, 76 F.3d 716, 726 (6th Cir. 1996).

Plaintiff makes no specific allegation that any prisoner similarly situated in all relevant

respects was treated differently.  His allegations therefore fail to state a claim.

Moreover, while Plaintiff claims that Defendants' decision to deny parole was patently

arbitrary, the allegations of the complaint and its supporting documents demonstrate that the

denial of parole was entirely rational, even if Plaintiff believes another decision should have

been made.  The parole denials cite Plaintiff's impulsive nature, the reckless nature of his

assaultive crime, his failure to describe the crime as anything but self-defense, his view of

himself as the victim, and his failure to see his lifestyle, including carrying a gun, as a

substantial cause of the crime.  (Compl. App. A at 8, 11-13, 15.)  The stated bases for the

parole denials are demonstrably related to the legitimate purposes of parole determinations.

*Kimel*, 528 U.S. at 84.   For both reasons, Plaintiff's equal protection claim is meritless.

### III.

Having considered each of Plaintiff's objections and finding no error, the Court hereby

denies in part and grants in part Plaintiff's objections and adopts the Report and

Recommendation of the Magistrate Judge, as modified, as the opinion of the Court.  The

Court finds that no good-faith basis for appeal exists within the meaning of 28 U.S.C.

§ 1915(a)(3).  A judgment consistent with this opinion shall be entered.


Date:  ____June 5, 2007____              /s/ Robert Holmes Bell_____
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT JUDGE